By the Court,
Robertson, Ch. J.
The order appealed from in this case, dissolved a previous order, enjoining the defendants not to interfere with a brick wall separating two buildings on the northerly side of South street, in the city of New York, of which the more easterly, claimed to be the property of the plaintiff, is known as number 17, and the more westerly, \ admitted to be owned by the defendants, is known as number 16, on such street.
The answer denies the allegations of the complaint, that the wall in question is a party wall, standing, as to one half of its width, on the land of the plaintiff, and the other half on that of the defendants ; that it was erected as a party wall; was ever used as a party wall, for the support of beams of any building upon lot number 17 South street; also that such building was ever partially rebuilt and enlarged, and beams and timber used for such support, for any time previously, replaced by new beams and timbers in 1855; also that the plaintiff and his grantors have had a continuous, uninterrupted and unquestioned use of such wall for twenty years. It controverts the allegations in the complaint, of building one story higher upon such wall, by the plaintiff or those under whom he claims, and the insertion of new beams in such addition, with the concurrence or assent of the defendants’ devisor.
*427 Such answer avers that the wall in controversy was built as an independent wall, for the building erected on number 16 South street; that a corporation called the New York Corn Exchange, in the year 1855, being in possession of such premises, under a lease thereof, bought the premises No. 17 South street, pulled the building thereon down, and erected the present building thereon, inserting its beams in the wall in controversy, without the consent of the defendants’ devisor, which they had applied for, and been refused. That until that time such building, upon No. 17, was supported by an independent wall upon its easterly side, built entirely upon that lot, and not dependent or built upon, or supported by the walls or building of the defendants, on No. 16 South street. Also, that for the purposes of the new building, which the latter propose to erect on the latter lot and an adjoining one, it will be necessary to tear down the present walls on No. 16, including that in question, which by its age, condition and want of depth, is unsuitable and insufficient for their purpose.
An affidavit of the plaintiff shows, that at the time of the erection of the new building on No. 17, the wall in question was raised for its whole length and width a story higher, by the New York Corn Exchange, thus elevating that building that distance above No. 16. And that by the color of the' material of the front edge of such addition being different from that of the adjoining building, No. 16 being plainly visible, externally, the fact of such increase of the height of the wall in question is easily made known. He also deposes to the presence of 'the devisor of the defendants once during the erection of the building, when- it was inclosed. In December, 1857, the devisor of the defendants agreed, by an instrument under seal, that the New York Corn Exchange might put a window for light in the south side wall of their building No. 17 South street, with an outer iron shutter, opening over the store on No. 16 South street; and the officers of such corporation signed such instrument, agreeing thereby, on receiving notice in writing requiring it, to remove such iron shutter, and fill up such window in a solid manner. The affidavits state *428 that such window was left open, but none that a shutter has been put upon it.
An affidavit of a surveyor shows that the wall in question is a foot wide, and nearly eighty feet deep ; that the easterly side of such wall, on South street, is forty-seven feet eight inches from the corner of Broad and South streets, and at a little over fifty-seven feet from the front, is distant from Broad street forty-seven feet five inches along a wall standing there. The original grant of Ho. 15 (the corner lot,) and Ho. 16 seems to make them, together, forty-six feet ten inches and a half wide. Subsequent successive conveyances leave the first twenty-three feet five inches wide, but make the latter of various widths, varying from that to twenty-three feet and three inches.
Affidavits of a mason (Lafage,) and a builder (Stephens,) who were employed by the Hew York Corn Exchange to tear down the building on Ho. 17 South street, and erect the new ■one, testify that the building then standing thereon, had an independent wall on the westerly side, as they judge from the inspection as the plans and specifications for such building shown to them. They also establish the insertion of the beams of the new building in the wall in question. The affidavit of the architect (Thomas,) shows that the Corn Exchange, in the instructions to his firm to draw specifications for such building, directed them to do so in such manner as to include the tearing down of the westerly side wall thereof adjoining the wall then and now standing on the premises owned by the defendants’ predecessors; and that the specifications were so drawn, and show the existence of such wall.
There is prima facie evidence, therefore, however slight, in the case, that the former building on the plaintiff’s lot was supported by an independent wall, as lately as 1855, and it is not contradicted even by the gain of dimension in the breadth of lots 15 and 16 South street, which might be accounted for in various ways. The deeds under which the defendants claim title, it is true, seem to show that such gain did not affect the former, while the latter gained in width. Such discrepancy *429 alone,- is not sufficient to establish that the present wall must be a party wall.
The beams of the building on the plaintiff’s lot seem to have been inserted in the wall in controversy, without permission. There is no evidence of any agreement for a party wall, or easement, or uninterrupted user of such wall, as such, by the plaintiff or those under whom he claims. The license given by the devisor of the defendant to the Corn Exchange to hang a shutter, upon a wall built upon his land, of which they held a lease, so as to swing over it, was not a ratification of their act in inserting beams into it. Leaving an opening for a window therein could hardly be construed into taking possession of the premises. Asking for a license do do so, and agreeing that they would brick it up when required, is rather a recognition than an exclusion of the rights of the devisor of the defendants.
Nothing on the face of the papers before us, justifies our restoring the injunction order; the plaintiff must be left to his remedy by an action for the recovery of any land of which he may be dispossessed by the action of the defendants.